UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWYN LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | No.  1:20-cv-00693-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED WITHOUT PREJUDICE<br><br>(ECF No. 6)<br><br>ORDER DIRECTING CLERK TO APPOINT DISTRICT JUDGE |

Plaintiff Darwyn Lewis ("Plaintiff"), a federal inmate proceeding *pro se* and *in forma pauperis*, filed the civil rights complaint commencing this action under 42 U.S.C. § 1983 on May 18, 2020. On June 23, 2020, Plaintiff filed a motion for injunctive relief. (ECF No. 6). That motion is now before the Court.

**I.   LEGAL STANDARDS FOR INJUNCTIVE RELIEF**

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *accord S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over

a party-in-interest, the party must be properly served."). Relatedly, under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

An injunction must be "(1) 'directed to a party,' (2) 'enforceable by contempt,' and (3) 'designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion.'" *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825-26 (9th Cir. 1995).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

## II.   APPLICATION TO PLAINTIFF'S MOTION

Plaintiff's motion for injunctive relief order reads as follows:

> The Plaintiff, Darwyn Lewis, is asking the court / Judge for an Injunctive Relief Order concerning his civil suit. The Plaintiff needs pictures and his blood drawn to show proof of his skin being discolored due to contaminated water at Atwater USP. The Plaintiff has filed suit for punitive damages along with pain and suffering and needs the order because he has been denied pictures as well as his blood being drawn, all denied by Atwater staff.

Plaintiff's motion fails based on the legal standards above for at least three reasons.

First, the Court has not yet served any defendant, so it lacks personal jurisdiction over anyone to grant the injunction. *See Zepeda*, 753 F.2d at 727 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."). Thus, the Court cannot order an

2

injunction until after a party at whom the injunction is directed has been served. Because no one has been served, the Court cannot issue an injunction to bind anybody.

Second, it is not directed toward a party. Reading it liberally, it is directed to "Atwater staff," but it is not clear who at Atwater should perform the actions.

Third, it is not "designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion," *Orange Cnty.*, 52 F.3d at 825-26. The requested relief—having pictures taken and his blood drawn—will not provide the relief Plaintiff seeks in his amended complaint (money or, in the alternative, a suspended sentence). Rather, it seeks information Plaintiff can use in his lawsuit. If this case proceeds past screening, there will be an opportunity to seek discovery at that time.

Therefore, the Court recommends denying Plaintiff's motion.

## III.   FINDINGS, RECOMMENDATIONS AND ORDER

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief be DENIED without prejudice.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **August 20, 2020**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE